UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KIMBLE YOUNGBLOOD, | § | No. SA: 14–CV–211 |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| OCWEN LOAN SERVICING LLV as | § | |
| representative of DEUTSCHE BANK | § | |
| NATIONAL TRUST, | § | |
| | § | |
| Defendant. | § | |

<u>ORDER GRANTING MOTION TO DISMISS</u>

On September 23, 2014, the Court heard argument on Defendant
Ocwen Loan Servicing LLV's Motion to Dismiss Plaintiff Kimble Youngblood's
Complaint.  (Dkt. # 3).  Philip W. Danaher, Esq., appeared on behalf of Defendant.
Linda I. Perez, Esq., appeared at the hearing representing Plaintiff, but orally
moved to withdraw as Plaintiff's counsel.[1]  The Court granted her motion.
Plaintiff did not appear at the hearing.  After careful consideration of the
arguments at the hearing and in the motion, the Court **GRANTS** Defendant's
Motion to Dismiss (Dkt. # 3).

---

[1] Ms. Perez cited (1) the fact that she has not had contact with the Plaintiff for
some time, despite efforts to do so, and (2) the fact that Plaintiff sued her in state
court seeking the return of her retainer payment.

<u>BACKGROUND</u>

Plaintiff purchased property located at 235 Wyanoke Drive, San Antonio, Texas, 78209, on August 4, 2003.  She entered into a lien with Deutsche Bank National Trust for a home equity loan.  In July 2013, Plaintiff admitted that she had not made the required monthly mortgage payments since January 2013.  (Dkt. # 1-1 at 8.)  However, she alleged that she had been in contact with Defendant's representatives and a loan modification had been proposed.  (<u>Id.</u>)

On July 2, 2013, Plaintiff filed suit in the 150th Judicial District Court of Bexar County, Texas, alleging a claim for breach of contract.  (<u>Id.</u> at 6.)  She sought a temporary injunction to prevent Defendant from foreclosing on the property.  (<u>Id.</u>)  Plaintiff averred in her Original Petition that as of the filing date, she had "not received written confirmation [as to] whether her request for a loan modification was accepted, denied or defendant needed further information from Plaintiff."  (<u>Id.</u>)

Plaintiff never served the Petition or Citation on Defendant.  (Dkt. # 1 ¶ 4.)  It appears that Defendant only received notice of the suit informally.  (<u>Id.</u>)  On March 10, 2014, Defendant removed the suit to this Court.  (<u>Id.</u>)  However, Plaintiff's property had already been foreclosed upon and sold at a foreclosure sale on September 3, 2013.  (Dkt. # 3-1 at 5.)

On March 17, 2014, Defendant filed a motion to dismiss Plaintiff's

claims alleging Plaintiff failed to state a claim for which relief could be granted. (Dkt. # 3.)  Plaintiff declined to respond in any manner.

On July 22, 2014, Defendant filed a Suggestion of Bankruptcy as to Plaintiff (the "Suggestion") with the Court.  (Dkt. # 9).  According to the Suggestion, Plaintiff has voluntarily filed a petition for Chapter 13 Bankruptcy.

The pendency of a bankruptcy action automatically creates a stay for "a variety of actions against the debtor or her property or estate."  Warren v. Farm Serv. Agency, USDA, C.A. C-05-293, 2006 WL 470594, at * 2 (S.D. Tex. Feb. 24, 2006).  Thus, this stay only extends to actions against the debtor.  Id.  Where, as here, the debtor is the Plaintiff, the stay does not apply, and this Court may properly proceed in this matter.

LEGAL STANDARD

A proper pleading under the Federal Rules of Civil Procedure must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The complaint must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a

cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

       In reviewing a motion to dismiss, a court accepts as true all of the well-pleaded factual allegations in the complaint.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  In order to survive a motion to dismiss, a claim must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 547.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 677.

       In adjudicating a motion to dismiss, the Court considers only the pleadings and those matters of which it may take judicial notice under Rule 201 of the Federal Rules of Evidence.  Lovelace v. Software Spectrum Inc., 78 F.3d 1015, 1018–19 (5th Cir. 1996) (adopting a rule that a court in a securities fraud action may take judicial notice of relevant public disclosure documents required to be filed with the SEC); Hurd v. BAC Home Loans Servicing, LP, 880 F. Supp. 2d 747, 758 (N.D. Tex. 2012) (taking judicial notice of matters of public record and considering documents attached to a motion to dismiss as part of the pleadings because they were central to the claims in the complaint).

<u>DISCUSSION</u>

Defendant argues that Plaintiff's claim should be dismissed because (1) Plaintiff admits that she did not tender performance under the contract; (2) her breach of contract claim is barred by the Statute of Frauds; and (3) Plaintiff is not entitled to injunctive relief.  (Dkt. # 3.)

I.       <u>Performance Under the Contract</u>

Defendant alleges that due to the vagueness of Plaintiff's Original Petition, it is unsure which contract Plaintiff alleges it breached: the mortgage contract or the alleged agreement to modify the mortgage contract.  (Dkt. # 3 at 3–4.)  Defendant argues that because the alleged agreement to modify the mortgage contract is barred by the Statute of Frauds, the breach of contract of which she complains must be of the underlying mortgage contract.  (<u>Id.</u>)

The Court addresses the alleged agreement to modify the mortgage contract and the Statute of Frauds below.  However, first, the Court turns to the issue of whether Defendant breached the mortgage contract.

In order to bring a claim for breach of contract in Texas, a party must show "(1) the existence of a valid contract; (2) performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach."  <u>Sport Supply Group, Inc. v. Columbia Cas. Co.</u>, 335 F.3d 453, 465 (5th Cir. 2003).  Therefore, "a party to a contract who is himself

in default cannot maintain a suit for its breach." <u>Dobbins v. Redden</u>, 785 S.W.2d 377, 378 (Tex. 1990).

Here, Plaintiff admitted in her Original Petition that she defaulted on the mortgage contract by failing to make the required payments for six months. Therefore, as a matter of law, Plaintiff cannot maintain a suit for breach of the mortgage contract.

## II.   <u>Statute of Frauds</u>

Defendant argues that if Plaintiff is claiming the contract Defendant breached with her is the alleged contract to modify her home loan, that claim must be dismissed because it is barred by the Statute of Frauds.  (Dkt. # 3 at 4.)

In Texas, "[a] loan agreement in which the amount involved in the loan agreement exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative."  Tex. Bus. & Comm. Code § 26.02(b).  Additionally, any agreement to modify a mortgage must be in writing to be valid.  <u>Martins v. BAC Home Loans Servicing, L.P.</u>, 722 F.3d 249, 256 (5th Cir. 2013) (holding that an alleged oral agreement to modify a home loan, without an accompanying promise to sign an agreement validating the oral agreement cannot overcome the statute of frauds).  "Promissory estoppel may overcome the statute-of-frauds requirement in Texas, but 'there must have been a promise to sign a written contract which had

been prepared and which would satisfy the requirements of the statute of frauds.'"
Id. at 256–57.

The Fifth Circuit again addressed the issue of an alleged agreement to modify a home loan in Gillespie v. BAC Home Loans Servicing, L.P., 557 F. App'x 359 (5th Cir. 2014).  There the Gillespies contended that the bank had orally promised to modify their loan, and they relied on that promise.  Id. at 360.  The Fifth Circuit found that, "[f]or the doctrine of promissory estoppel to apply in this context, . . . a borrower would have to present evidence of a promise on the part of the lender or its agents to sign a written agreement, which had been prepared and which would satisfy the requirements of the statute of frauds."  Id.  The Fifth Circuit upheld the dismissal of the Gillespies' breach of contract claim for failure to overcome the statute of frauds.  Id.

Here, Plaintiff's Original Petition details that she did not know whether Defendant had accepted or rejected the alleged loan modification.  (Dkt. # 1-1 at 8 ("As of [July 1, 2013] Plaintiff has not received written confirmation with [sic] whether her request for a loan modification was accepted, denied or defendant needed further information from Plaintiff.").)  Plaintiff's own Original Petition forecloses any argument that there was, in fact, an oral agreement to provide her with a home loan modification.  Therefore, because there was no oral

agreement to modify Plaintiff's home loan, there can be no argument that Defendant breached any agreement with Plaintiff.

Because Plaintiff has not shown any facts upon which she could maintain a claim for breach of contract against Defendant, the Court **GRANTS** Defendant's Motion to Dismiss (Dkt. # 3).

III.   <u>Injunctive Relief</u>

Plaintiff initially sought injunctive relief in her Original Petition. However, because Plaintiff has not pled any viable substantive claim against Defendant, Plaintiff is not entitled to injunctive relief because she cannot demonstrate a likelihood of success on the merits as required.  <u>Rodriguez v.Bank of America, N.A.</u>, No. SA–12–CV–00905–DAE, 2013 WL 1773670, at *13 (W.D. Tex. Apr. 25, 2013) (dismissing a claim for injunctive relief when a plaintiff has not pled "a single viable cause of action").

<u>CONCLUSION</u>

For the reasons stated above, the Court **GRANTS** Defendant's Motion to Dismiss (Dkt. # 3).  Additionally, Plaintiff's actions indicate that she has abandoned this case.  However, in the interests of justice, the Court orders that the case is **DISMISSED WITH LEAVE TO REOPEN WITHIN 45 DAYS**. Plaintiff has until **November 7, 2014**, to file a motion to reopen the case.  If no such motion is filed, **the dismissal will be with prejudice**.

8

Further, the Court **ORDERS** Defendant's counsel to serve this Order upon the trustee of any bankruptcy proceeding concerning Plaintiff, any attorney who is representing Plaintiff, and to attempt to serve it upon Plaintiff herself, and advise them of the existence of this Court's Order and the ability to file a motion to reopen the case.

IT IS SO ORDERED.

DATED:  September 23, 2014, San Antonio, Texas.

_____

David Alan Ezra
Senior United States Distict Judge